# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOB ANTHONY MARQUEZ,

Plaintiff,

v.

CALIFORNIA CORRECTION INSTITUTION, *et al.*,

Defendants.

Case No. 1:26-cv-08061-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(ECF No. 13)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Jacob Anthony Marquez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on October 1, 2026. (ECF No. 6.) On October 29, 2026, the Court screened Plaintiff's complaint, filed August 31, 2026, and found that it failed to comply with Federal Rules of Civil Procedure 8, 18, and 20 and failed to state a cognizable claim for relief under § 1983. (ECF No. 12.) The Court granted Plaintiff leave to file an amended complaint within 30 days. (*Id.*) Plaintiff has not yet filed an amended complaint.

Currently before the Court is Plaintiff's motion for temporary restraining order and preliminary injunction, filed November 9, 2026. (ECF No. 13.)

///

### I. Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff seeks a temporary restraining order regarding the tampering of his legal mail. (ECF No. 13.) He moves the Court to issue both a temporary restraining order and a preliminary injunction restraining California Correctional Institution Correctional Officers and staff on all facilities from the following:

> coming in contact from [him] and from more retaliation against [him] and any more forms and action's [sic] such as any element under harassment that's engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to an adult or [him] and serves no legitimate purpose.

(*Id.*) Plaintiff states that the course of conduct must be such as would cause a reasonable adult to suffer substantial emotional distress and must actually cause substantial emotional distress. He indicates that such conduct might include, but is not limited to, "attempts of abuse or threats against [him] or purposely or knowingly placing or attempting to place [him] in fear of physical harm as assault" and "purposely or knowingly causing physical harm to [him] with or without a deadly weapon as battery." (*Id.*)

Although Plaintiff references an attached declaration and memorandum of points and authorities, no such documents are attached to his motion. The Court construes Plaintiff's request as a motion for preliminary injunction.

### II. Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**III. Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff's complaint has been screened, and it fails to state a cognizable claim for relief. Plaintiff has not yet filed an amended complaint that states a cognizable claim. Therefore, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over defendants or any other officials or staff of the California Correctional Institution or the California Department of Corrections and Rehabilitation.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in

the public interest.

**IV. Conclusion and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Based on the above, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 13) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 11, 2026** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE